IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN MARY LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-1016 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

O R D E R

AND NOW, this 19th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") failed to account for the total limiting effects of her severe mental impairments and thereby formulated an inaccurate residual functional capacity ("RFC"). (Doc. No. 11). Specifically, Plaintiff argues that the ALJ erred by rejecting medical opinions based on factually inaccurate rationales. (*Id.* at 13-16). Additionally, Plaintiff contends the ALJ wrongfully rejected her testimony and erred by not comparing her statements to the medical source opinions. (*Id.* at 16-19). The Court disagrees with Plaintiff and finds instead that substantial evidence supports the ALJ's RFC finding and her ultimate determination that Plaintiff is not disabled.

The Court rejects Plaintiff's first argument that the ALJ rejected the opinions of Drs. Randal Orr, M.D., and Michelle Tiller, Psy.D., based on inaccurate reasoning. (*Id.* at 13-16). Plaintiff argues that the ALJ's reasoning was based on three inaccurate points: (1) "almost all" of Plaintiff's mental status evaluations ("MSEs") were normal and unremarkable; (2) inconsistency with Plaintiff's daily activities; and (3) Plaintiff worked with her impairments before the alleged onset date and only left her job due to the COVID pandemic. (*Id.* at 13). The Court disagrees with Plaintiff as set forth herein.

Plaintiff asserts that the ALJ's reasoning as to her MSEs was "transparently selective," as the evidence shows that she reported fatigue, binge eating, and other symptoms during treatment, as shown in Exhibit 11F. (*Id.* at 13-14 (citing Ex. 11F)). Plaintiff overlooks, though, that the ALJ acknowledged Plaintiff's history of binge eating and her resulting fatigue. (R. 25). Additionally, Plaintiff overlooks that this exhibit also contains a number of normal MSEs and that the broader record shows other normal and unremarkable MSEs, as the ALJ stated in her decision. (R. 32; Exs. 11F/3; 11F/9 (showing Plaintiff "has been doing well"); *see, e.g.*, Exs. 10F/15-16; 21F/6; 23F). While Plaintiff quibbles with the ALJ's use of "almost all," Plaintiff cannot dispute that the record does show that Plaintiff had numerous normal MSEs, which were at least arguably inconsistent with the doctors' opinions, which opined moderate, marked, and extreme limitations in different areas of social functioning. (*See* Exs. 9F/1-2; 23F/7). To the extent that Plaintiff believes that the evidence would best be characterized in some other way, the Court declines Plaintiff's invitation to remand this decision in quest for the perfect choice of phrase. *See Hayes v. Berryhill*, No. 3:17-CV-00648, 2018 WL 3596858, at *7 (M.D. Pa. June 20, 2018), *report and recommendation adopted*, No. 3:17-CV-648, 2018 WL 3584698 (M.D. Pa. July 26, 2018) (citations omitted) (stating "[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Accordingly, substantial evidence supports the ALJ's rationale on this point.

2

The Court also finds no merit in Plaintiff's argument that the ALJ erred by rejecting Drs. Orr's and Tiller's opinions because of the inaccurate assertion that Plaintiff worked with her impairments before the alleged onset date and only left her job due to the COVID pandemic. (Doc. No. 11 at 15-16). Plaintiff contends that while she initially left her job in March 2020 because of the pandemic, she was unable to return because of increased anxiety. (*Id.* at 15). She contends that by the time the store closed she was already having increased mental symptoms. (*Id.*). This may be true, but the record reflects that the Plaintiff left her job due to the pandemic. Indeed, the ALJ specifically questioned Plaintiff about this at her hearing, asking, "So, in the end, were you let go for poor performance or did you just quit your job because, like you said, you couldn't do it anymore?" (R. 57). Plaintiff responded: "It was – it just closed down because of COVID, but I was called to come back – asked to come back and I just couldn't anymore." (R. 57-58). The ALJ paraphrased this correctly in the decision, stating, "[s]he said she last worked in March 2020 but left because the store closed due to COVID." (R. 29). The ALJ also acknowledged that Plaintiff was suffering from anxiety; indeed, she acknowledged this as one of Plaintiff's severe impairments. (R. 24). While Plaintiff may have been suffering from increased anxiety during March 2020 and this may have contributed to her wanting to stop working, the fact remains that she left her job because it was eliminated due to the Covid pandemic. (R. 29, 57-58). Accordingly, Plaintiff's argument on this point is without merit.

Further, the Court is not persuaded by Plaintiff's argument that the ALJ should have compared her testimony to the medical source opinions and erred by discrediting her testimony. (Doc. No. 11 at 16-19). Plaintiff contends the ALJ failed to make a connection between her symptoms of social anxiety, fatigue, and agoraphobia and related limitations. (*Id.* at 17). She further argues that the ALJ's reference to her "conservative treatment" as a rationale to discredit her testimony was "meaningless boilerplate language" and inconsistent with the evidence showing that Plaintiff participated in numerous trials and combinations of different psychiatric medications. (*Id.* at 17-18). She also argues that the ALJ erred by relying on her sporadic daily activities and by not comparing her statements regarding her limited abilities to meet the basic demands of unskilled work with the opinions of Drs. Orr and Tiller supporting such limitations. (*Id.* at 19). The Court finds no merit in any of these arguments for the following reasons.

Plaintiff's argument that the ALJ failed to incorporate limitations accommodating her social anxiety, fatigue, and agoraphobia overlooks that the ALJ is only required to incorporate "credibly established limitations" into the RFC. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). Plaintiff argues that the ALJ failed to make the "pivotal connection" between her social anxiety, exhaustion, and agoraphobia, which all directly impact her ability to remember and maintain conversations, and the limitations within her RFC. (Doc No. 11 at 17). Here, the ALJ considered medical evidence of Plaintiff's social anxiety, exhaustion, and agoraphobia and concluded that the record was generally

3

inconsistent with Plaintiff's allegations. (R. 31). Indeed, the ALJ noted that Plaintiff "was regularly noted to be calm and cooperative, with good memory, concentration, and attention." (R. 31). This aligns with the ALJ's analysis of the medical evidence, namely her rejection of Dr. Orr's opined marked limitation in Plaintiff's ability to relate predictably in social situations. (R. 32). Moreover, the ALJ's analysis is reflected in Plaintiff's RFC, as she limited Plaintiff to occasional interaction with supervisors and coworkers and no interaction with the public. (R. 27). Accordingly, Plaintiff's argument does not undermine the ALJ's RFC finding.

The Court also rejects Plaintiff's argument that the ALJ's reference to her "conservative treatment" was in error. An ALJ is permitted to consider the nature of a claimant's treatment history based on the evidentiary record. *See Myers v. Comm'r of Soc. Sec.*, 684 Fed. Appx. 186, 192 (3d Cir. 2017) (holding the ALJ appropriately discounted the treating physician's opinion, in part based on conservative treatment). Here, in assessing the credibility of Plaintiff's statements, the ALJ stated that she "ha[d] undergone only conservative modalities of treatment, including medication management, without the need for inpatient mental health treatment and the record shows that her symptoms improve with treatment." (R. 31). Indeed, the record supports these statements. Plaintiff points out that "conservative treatment" is a vague and undefined term and that it is impossible to discern what the ALJ meant by using this. (Doc. No. 11 at 17). The Court disagrees. The ALJ explained that Plaintiff underwent conservative treatment consisting of medication management and her symptoms improved with such treatment. (R. 31). The ALJ's decision shows that she considered Plaintiff's broader course of treatment and assessed Plaintiff's testimony in this context. Accordingly, the ALJ's characterization of Plaintiff's treatment is supported by substantial evidence.

The Court further rejects Plaintiff's argument that the ALJ erred by relying on her "sporadic" daily activities as evidence of non-disability. The United States Court of Appeals for the Third Circuit has explained that an ALJ may not base a finding of non-disability on sporadic and transitory activities, such as a trip to Europe. *Fargnoli v. Massanari*, 247 F.3d 34, 40 n.5 (holding the claimant's trip to Europe was a sporadic daily activity that could not be used to show an ability to engage in substantial gainful activity). However, here, none of Plaintiff's daily activities were sporadic, as Plaintiff stated she completes daily activities of showering, getting dressed, eating breakfast, cleaning, running errands, and reading. (R. 26 (citing Ex. 15E)); *see, e.g.*, *McBee v. Colvin*, No. 15-263-J, 2017 WL 1101884, at *1 n.1 (W.D. Pa. Mar. 23, 2017) (stating that daily activities such as caring for personal needs, going outside, preparing simple meals, and reading were not sporadic or transitory in nature). As such, Plaintiff's argument on this point fails.

Lastly, the Court finds no merit in Plaintiff's argument that the ALJ should have compared her statements to the opinions of Drs. Orr and Tiller. Plaintiff cites 20 C.F.R. § 404.1529(c)(4) in support of this argument. (Doc. No. 11 at 19). This regulation states,

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:       Counsel of record

---

in relevant part, that the ALJ "will consider [the claimant's] statements about the intensity, persistence, and limiting effects of [the claimant's] symptoms, and [the ALJ] will evaluate [the claimant's] statements in relation to the objective medical evidence and other evidence[.]" Plaintiff argues this regulation required the ALJ to compare the Plaintiff's statements to the opinions of Drs. Orr and Tiller, which supported her allegations. (Doc. No. 11 at 19). Plaintiff appears to suggest that because her testimony was consistent with these opinions it was consistent with the medical evidence of record and should have been credited. This is not the rule. 20 C.F.R. § 404.1529(c)(4) requires the ALJ to consider the claimant's testimony in the context of *all* the record evidence, including objective and opinion evidence, and the ALJ did so here. The ALJ explained that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence within the record for the reasons explained in this decision." (R. 29). This statement was adequate to show that the ALJ considered Plaintiff's testimony in the context of the wider record, including Drs. Orr and Tiller's opinions. This is particularly true considering the ALJ's explanation that Drs. Orr and Tiller's opinions that Plaintiff had marked limitations in certain areas were not persuasive. (R. 31-33). While the ALJ agreed with Dr. Tiller's overall assessment, she also stated that Dr. Tiller's marked limitations were not supported in any area and the record only supported some opined moderate limitations. (R. 32-33). The ALJ found Plaintiff's allegations that her impairments prevented her from working not credible as the evidence, including these opinions, did not support such statements. As such, Plaintiff's argument is without merit.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.